UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

TRIGEANT, LTD.,[1]

    Debtor.

_____/

Chapter 11 Case
Case No. 13-38580-EPK

**DEBTOR'S EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 364, AND FED. R. BANKR. P. 4001, FOR AN ORDER AUTHORIZING THE DEBTOR TO INCUR UNSECURED DEBT**
(Emergency hearing requested)

Statement of Exigent Circumstances

**BASIS FOR EMERGENCY RELIEF**: The Debtor seeks to continue to operate its business, to preserve and increase the value of the estate, and to facilitate a successful reorganization. Without the immediate authorization to incur unsecured debt, the Debtor will not be able to meet its obligations necessary for its day-to-day operations. Without the financing proposed herein, the Debtor will not be able to maintain, insure, secure and repair the Refinery. Nor will the Debtor be able to ensure compliance with applicable governmental safety regulations. This motion is tied to the *Emergency Motion For an Order to Show Cause Why BTB Refining LLC Should Not Be Sanctioned For Willfully Violating The Automatic Stay* [ECF No. 17], which is being heard this afternoon regarding the scope and effect of the automatic stay. The Debtor requests that the Court consider this motion on a preliminary basis today, and set a return date within the next two weeks.

    Trigeant, Ltd., by and through undersigned counsel, pursuant to 11 U.S.C. §§ 364(b), Fed. R. Bankr. P. 4001(b) and 9014, and Local Rules 9013-1(H) and 9075-1, files this *Emergency Motion, Pursuant to 11 U.S.C. §§ 105, 364, and Fed. R. Bankr. Pr. Rules 4001 and*

---

[1] The last four digits of the Debtor's taxpayer identification number are 2037, and the Debtor's mailing address is 3020 North Military Trail, Suite 100, Boca Raton, Florida 33431.

*9014, and Local Rules 9013-1(H) and 9075-1 For the Entry of an Order Authorizing the Debtor to Incur Unsecured Debt* (the "Motion") seeking entry of an order authorizing the Debtor to obtain unsecured financing.  In support of this Motion, the Debtor respectfully represents as follows:

### I. Jurisdiction

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

### Terms:

2. Harry Sargeant Jr., ("Lender"), has agreed to provide post-petition unsecured financing pursuant to §364(b) on the following terms:

   i. The Lender has agreed to lend the Debtor up to $1,000,000.00, to be used in accordance with the budget attached hereto as **Exhibit "A."**  The Lender is owned by some of the same ultimate beneficial owners as the Debtor, accordingly it may be considered an insider.  Lender can provide the funds, at his sole discretion, on a weekly, monthly, quarterly, or lump sum basis.

   ii. Latin America Investments Ltd. and Sargeant Trading, Ltd. (collectively, the "Guarantors") agree to guarantee repayment of all indebtedness to the Lender under this agreement.  The Guarantors agree that their guaranty shall be secured by all of the Guarantors' assets.

   iii. All funds advanced, including interest and attorneys' fees and costs shall be treated as an administrative expense pursuant to 11 U.S.C. §503(b)(1).

Included in the administrative expense shall be entitled to reasonable attorneys' fees and costs. In the event of a conversion to a Chapter 7 case, the Lender's administrative expense claim shall be allowed a Chapter 11 administrative expense claim in which all other Chapter 11 administrative expense claims would be subordinated to the Lender.

iv. Funds are being lent at 12% interest per annum.

v. Interest shall accrue, but will not be payable until the earlier of: confirmation of a plan of reorganization, dismissal of the case, the appointment of a chapter 11 Trustee, event of default described below, or conversion to Chapter 7.

vi. No payments will be due until the earlier of: confirmation of a plan of reorganization, dismissal of the case, the appointment of a chapter 11 Trustee, event of default described below, or conversion to Chapter 7.

vii. The Debtor, at its discretion may prepay some or the entire amount owed to the Lender. With payments being applied first to reduce outstanding interest and then to reduce any principal.

viii. There shall be no lien securing the indebtedness to Lender.

ix. The entire amount shall be made available to the Debtor to be used solely in connection with operations (including security, insurance, employees, repairs, maintenance, and acquisition of product) and the advancement of the above captioned bankruptcy case (including the payment of Court approved professional fees).

    x. Any of the following shall constitute an event of default: (a) failure to confirm a plan of reorganization; (b) conversion of the case to a case under Chapter 7; (c) dismissal of the case; (d) the appointment of a chapter 11 trustee; (e) a ruling by a court of competent jurisdiction that Trigeant is not the owner of the Refinery; (f) loss of Operational Integrity[2] of the refinery; and (f) loss of control of the Refinery by Trigeant.

    xi. The Lender, at its sole discretion, may refuse to advance any funds if the Operational Integrity of the Refinery is not currently in existence at the time of the loan and continuously maintained. Determination of Operational Integrity shall be at Lender's sole discretion. If the Operational Integrity of the Refinery is not maintained during the Debtor's chapter 11 case, or at least up to and through a court-approved sale, the Lender has the option, in its sole discretion, to decline to provide the post-petition financing contemplated by this Motion. In addition, the Lender at its sole discretion may refuse to advance funds if Debtor is not currently the owner or subsequently determined not to be owner of the Refinery or otherwise loses control of the Refinery. The Lender may refuse to advance funds at any point in time if the Lender, in its sole discretion, has a reasonable belief that the Debtor has or likely could lose control or ownership of the Refinery. The satisfaction and continued satisfaction of

---

[2] "Operational Integrity" means the Refinery operations as they existed Prepetition. This includes but is not limited to: operational boilers, operational LACT Units, operational pumps, access and use of the dock (as defined in the Dock Use, Construction Maintenance & Option Agreement between Trigeant LTD and Berry GP Inc.).

the ownership and control of the Refinery shall be at the Lender's sole discretion.

3. Pursuant to Fed R. Bankr. P. 4001, Local Rule 4001-3 and the *Court's Guidelines for Motions Seeking Authority to Use Cash Collateral and Motions Seeking Approval Postpetition Financing* (the "Guidelines") the Debtor discloses that none of the provisions listed in Fed. R. Bankr. P. 4001(c)(i)-(xi) is implicated by the proposed financing. Additionally none of the provisions in Guidelines, section II(B)(1)-(8) are implicated.

## II. Background

4. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

5. The Debtor is operating its business and managing its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6. No trustee, or examiner or committee has been appointed in this Chapter 11 case.

7. The Debtor is the owner of an oil refinery (the "Refinery") located in Corpus Christi, Texas. Until March 4, 2008, the Debtor was the undisputed owner of the Refinery. On March 4, 2008 BTB conducted a non-judicial foreclosure on the Refinery (the "Foreclosure"). Subsequently, after a lawsuit brought by another creditor of the Debtor, PDVSA, a federal district court in Texas ruled that the Foreclosure constituted a fraudulent transfer under Texas law and entered judgment against BTB ordering that ownership of the Refinery be returned to the Debtor. Final Judgment was entered against BTB on January 14, 2013.

8. The only revenue generated at the Refinery in the last calendar year prior to filing has been from leasing the storage tanks to a company called Freepoint Commodity Trading and

Marketing LLC ("Freepoint"). On December 1, 2012 Freepoint entered into a lease with BTB to use the storage tanks at the Refinery (the "Prepetition Lease"). The Prepetition Lease was entered into by BTB instead of Trigeant because it was signed prior to the entry of Final Judgment that returned ownership of the Refinery to the Debtor. The Prepetition Lease terminates by its own terms on November 30, 2013. Upon information and belief the Prepetition Lease was extended until December 7, 2013. Trigeant signed a clause in the lease indicating that if it regained ownership or control of the Refinery it would honor the terms of the Prepetition Lease. Freepoint has confirmed to BTB and Trigeant that it had no desire to extend the term of the Prepetition Lease.

9. The Debtor expects to restructure its indebtedness through a fresh infusion of capital, or at worst case scenario a controlled sale process of the Refinery as a going concern. The Debtor intends to advance a transaction that will result in its successful emergence from this case.

### III. Requested Relief and Basis Therefor

10. By this Motion, the Debtor seeks authority pursuant to §§364(b) and 105(a) to enter into the borrowing agreement with Lender. Pursuant to §364(b), the Debtor "after notice and a hearing, may authorize the [debtor in possession] to obtain unsecured credit or incur unsecured debt… allowable under section 503(b)(1) of this title as an administrative expense." Pursuant to §1107(a) further provides that, with certain exceptions not applicable here, "a debtor in possession shall have all of the rights… and powers, and shall perform all of the functions and duties… of a trustee serving in a case under this chapter." Thus, the Bankruptcy Code provides direct authority for a debtor in possession, like Trigeant, to borrow funds or incur unsecured debt pursuant to §364(b).

11. The standard for authorizing the Debtor to incur debt under §364(b) so that it is allowable as an administrative expense under §503(b) is found in the latter section. *See In re Club Development & Mgmt Corp.*, 27 B.R. 610, 611 (B.A.P. 9th Cir. 1982). The funds being provided by the Lender are intended to be used for the "actual, necessary costs and expenses of preserving the estate." §503(b)(1).

12. An immediate need exists for the Debtor to be permitted to borrow funds to operate, insure and secure the Refinery. Not later than December 7, 2013, the Debtor will be responsible for the operational integrity of the Refinery. This means providing security, paying utilities, insurance, employees, and the cost of this bankruptcy. Therefore, the Debtor seeks an emergency hearing authorizing the relief requested herein.

13. The terms of the proposed use of the Cash Collateral and adequate protection arrangements are fair and reasonable under the circumstances and reflect the Debtor's exercise of prudent business judgment.

14. The Debtor believes that the relief sought in this Motion is in the best interests of the Debtor, the estate and creditors, and that the entry of the Interim Order will, *inter alia*, allow for the continued operation of the Debtor's business in order to maximize the value of the Debtor's assets for all parties. And, as alluded to above, the Lender has the option of declining to fund even if the Court approves the financing if the operational integrity of the of the Refinery is not maintained. This relates to a pending motion set to be heard later this afternoon filed by the Debtor to extend the automatic stay the purpose of which, in fact, is to facilitate maintenance of the Refinery to maximize the values of the estate for the Debtor's creditors.

### IV.  Local Rule 9075-1(B) Certification

15. The Debtor respectfully requests that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

**WHEREFORE**, the Debtor respectfully request that the Court enter an Order, in the form attached hereto as **Exhibit "B:"** (i) granting this Motion; and (ii) granting such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the 5th day of December, 2013, by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated:  December 5, 2013            Respectfully submitted,

> BERGER SINGERMAN LLP
> *Counsel for the Debtor, Trigeant, Ltd.*
> 125 S. Gadsden Street
> Suite 300
> Tallahassee, FL 32301
> Tel.  (850) 561-3010
> Fax:  (850) 561-3013
>
> By:    /s/Lewis Martin Killian
> Lewis Martin Killian, Jr.
> Florida Bar No. 219452
> lkillian@bergersingerman.com
> Isaac Marcushamer
> Florida Bar No. 60373
> Direct Line (305) 714-4376
> imarcushamer@bergersingerman.com

**CM/ECF Service List**

- Donald E Christopher dchristopher@bakerdonelson.com, sdenny@bakerdonelson.com;bkcts@bakerdonelson.com
- Alan R Crane acrane@furrcohen.com, pmouton@furrcohen.com
- Lewis Martin Killian lkillian@bergersingerman.com, bwalter@bergersingerman.com;efile@bergersingerman.com
- Isaac M Marcushamer imarcushamer@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- Paul Steven Singerman singerman@bergersingerman.com, mdiaz@bergersingerman.com;efile@bergersingerman.com
- Charles W Throckmorton cwt@kttlaw.com, lf@kttlaw.com;ycc@kttlaw.com
- Aaron A Wernick awernick@furrcohen.com, cworkinger@furrcohen.com

# EXHIBIT "A"

## **BUDGET**

| | |
|---|---|
| Insurance | $80,000 |
| Employees and Security | $40,000 |
| Utilities | $50,000 |
| Maintenance/ Lab | $20,000 |
| Miscellaneous | $5,000 |
| **Total** | **$195,000** |

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

TRIGEANT, LTD.,[1]

Chapter 11 Case
Case No. 13-38580-EPK

Debtor.
_____/

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 364, AND FED. R. BANKR. P. 4001, FOR AN ORDER AUTHORIZING THE DEBTOR TO INCUR UNSECURED DEBT**

**THIS MATTER** came before the Court on the ___ day of December, 2013 at _____ a.m./p.m. in West Palm Beach, Florida, upon the *Debtor's Emergency Motion Pursuant to 11 U.S.C. §§ 105, 364, and Fed. R. Bankr. P. 4001, for an Order Authorizing the Debtor to Incur Unsecured Debt* [ECF#_____] (the "Motion") filed by the above-captioned debtor and debtor-in-possession (the "Debtor"). The Motion seeks the entry of an Order authorizing the Debtor to obtain unsecured financing, pursuant to 11 U.S.C. § 364(b). The Court, having considered the

---

[1] The last four digits of the Debtor's taxpayer identification number are 2037, and the Debtor's mailing address is 3020 North Military Trail, Suite 100, Boca Raton, Florida 33431.

5355721-1

Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "Hearing"); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (d) the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on an interim basis subject to a final hearing as set forth below.

2. The Debtor is authorized to immediately borrow funds from Harry Sargeant Jr., ("Lender"), representing unsecured financing pursuant to §364(b) upon the following terms:

   a. The Lender has agreed to lend the Debtor up to $1,000,000.00, to be used in accordance with the budget attached to the Motion and hereto as **Exhibit "A."**

   b. The Lender is owned by some of the same ultimate beneficial owners as the Debtor, and, accordingly it may be considered an insider. The Lender is authorized to provide the funds, at his sole discretion, on a weekly, monthly, quarterly, or lump sum basis.

   c. Latin America Investments Ltd. and Sargeant Trading, Ltd. (collectively, the "Guarantors") agree to guarantee repayment of all indebtedness to the Lender under this agreement. The Guarantors agree that their guaranty shall be secured by all of the Guarantors' assets.

   d. All funds advanced by the Lender, including interest and attorneys' fees and costs shall be treated as an administrative expense pursuant to 11 U.S.C. §503(b)(1). Included in the administrative expense shall be entitled to reasonable attorneys' fees and costs.

In the event of a conversion to a Chapter 7 case, the Lender's administrative expense claim shall be allowed a Chapter 11 administrative expense claim in which all other Chapter 11 administrative expense claims would be subordinated to the Lender.

  e. The funds are being lent at 12% interest per annum.

  f. Interest shall accrue, but will not be payable until the earlier of: confirmation of a plan of reorganization, dismissal of the case, the appointment of a chapter 11 Trustee, event of default described below, or conversion to Chapter 7.

  g. No payments will be due until the earlier of: confirmation of a plan of reorganization, dismissal of the case, the appointment of a chapter 11 Trustee, event of default described below, or conversion to Chapter 7.

  h. The Debtor, at its discretion may prepay some or the entire amount owed to the Lender, with payments being applied first to reduce outstanding interest and then to reduce any principal.

  i. There shall be no lien securing the indebtedness to Lender.

  j. The entire amount shall be made available to the Debtor to be used solely in connection with operations (including security, insurance, employees, repairs, maintenance, and acquisition of product) and the advancement of the above captioned bankruptcy case (including the payment of Court approved professional fees).

  k. Any of the following shall constitute an event of default: (a) failure to confirm a plan of reorganization; (b) conversion of the case to a case under Chapter 7; (c) dismissal of the case; (d) the appointment of a chapter 11 trustee; (e) a ruling by a court of

competent jurisdiction that the Debtor is not the owner of the Refinery; (f) loss of Operational Integrity[2] of the refinery; and (f) loss of control of the Refinery by the Debtor.

        l.    The Lender, at its sole discretion, may refuse to advance any funds if the Operational Integrity of the Refinery is not currently in existence at the time of the loan and continuously maintained. Determination of Operational Integrity shall be at Lender's sole discretion. If the Operational Integrity of the Refinery is not maintained during the Debtor's chapter 11 case, or at least up to and through a court-approved sale, the Lender has the option, in its sole discretion, to decline to provide the post-petition financing authorized by this Order. In addition, the Lender at its sole discretion may refuse to advance funds if Debtor is not currently the owner or subsequently determined not to be owner of the Refinery or otherwise loses control of the Refinery. The Lender may refuse to advance funds at any point in time if the Lender, in its sole discretion, has a reasonable belief that the Debtor has or likely could lose control or ownership of the Refinery. The satisfaction and continued satisfaction of the ownership and control of the Refinery shall be at the Lender's sole discretion.

        3.    The Court shall conduct a final hearing on the Motion on **December_____, 2013 at _:__ _.m., United States Bankruptcy Court, Flagler Waterview Building, 1515 North Flagler Drive, Courtroom ____, West Palm Beach, Florida 33401.**

        4.    The Court retains jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

---

[2] "Operational Integrity" means the Refinery operations as they existed Prepetition. This includes but is not limited to: operational boilers, operational LACT Units, operational pumps, access and use of the dock (as defined in the Dock Use, Construction Maintenance & Option Agreement between Trigeant LTD and Berry GP Inc.).

# # #

<u>Submitted by:</u>
Paul Steven Singerman, Esq.
Isaac M. Marcushamer, Esq.
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340
E-mail:  singerman@bergersingerman.com
E-mail:  imarcushamer@bergersingerman.com

<u>Copy furnished to:</u>
Paul Steven Singerman, Esq.
*(Attorney Singerman is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service).*